UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH A. ESPARZA,

        Plaintiff,

    v.                              Case No. 1:18-cv-2915-WCG-MPB

DELANEY,
STURGEN,
JENNIFER SMITH,
DELK,
WOOD,
BLUNT, and
DR. CABARRA.

        Defendants.

## ENTRY DISCUSSING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS

On September 20, 2018, Plaintiff Joseph A. Esparza, who is currently serving a state sentence at New Castle Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court for screening Esparza's complaint and on his petition to proceed *in forma pauperis*.

### MOTION TO PROCEED IN FORMA PAUPERIS

Esparza is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See id.* Esparza

has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $41.24. Esparza's motion for leave to proceed *in forma pauperis* will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Esparza alleges that, on July 28, 2018 at around 10:40 A.M., he fell down the stairs in his cell block after slipping on water. Esparza attempted to stabilize himself but was not able to do so. He alleges that he could have stabilized himself if the defendants had not denied him his prescribed knee brace. Esparza alleges that his fall caused him to hit his head on something hard. As a result of the fall, Esparza claims he was knocked out for some length of time and was disoriented when he regained consciousness. An inmate who saw Esparza fall alerted Officers Sturgen and Delaney. Instead of "call[ing] a signal" as Sturgen intended, Delaney walked Esparza to obtain medical help, thereby contravening facility policy. No report was made and no emergency care was provided.

Esparza was walked to nurse Lisa Blunt, who checked Esparza's blood pressure and provided him with two Tylenol pills. Esparza told Blunt about his skull being tender and feeling fractured. Esparza also told Blunt that his stomach scar opened due to his fall and that he was experiencing spinal and lower back pain. Blunt did not check Esparza for a concussion, did not inspect his head, did not address his torn stomach scar, and did not inspect his back.

On August 2, 2018, Esparza saw Dr. Cabarra. Esparza alleges that Dr. Cabarra prescribed him medication "he knows causes me great pain and suffering . . . ." ECF No. 1, ¶ 10. Aside from this medication, Dr. Cabarra did nothing for Esparza's injuries. Dr. Cabarra did not order any testing to further investigate Esparza's complaints despite Esparza telling Dr. Cabarra about all of his injuries from the fall.

Esparza alleges that he filed several grievance complaints in August 2018 regarding his need for medical care. In response to Esparza's grievances, Grievance Coordinator Jennifer Smith made "petty requests" for Esparza to amend his grievance forms. Esparza alleges that these "unnecessary"

3

requests forced him into procedural default. He alleges that Smith did not investigate any of his grievances.

Esparza alleges several injuries or "possible injuries" from his fall. These injuries include a bruised left arm, a potentially fractured left arm bone, severe back pain that makes moving in and out of bed difficult, a "large goose egg" on his head, a potentially fractured skull, a possible concussion, and general dizziness and confusion. To date, Esparza alleges that he continues to experience ongoing pain and suffering for which he is not receiving treatment.

Esparza has sued the defendants in their individual and official capacities, demanding $5 million in compensatory damages, punitive damages between $60,000 and $100,000, a declaration stating that the defendants violated his constitutional rights, and injunctive relief.

## THE COURT'S ANALYSIS

Esparza has failed to state Eighth Amendment claims for deliberate indifference to a serious medical need against Officers Delaney and Sturgen in their individual or official capacities. To state an Eighth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical condition and the defendant's deliberate, that is, subjective, indifference to that condition. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The deliberate indifference standard is "properly equated with reckless disregard." *Id.* at 777; *Foelker v. Outagamie Cty.*, 394 F.3d 510, 513 (7th Cir. 2005). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Foelker*, 394 F.3d at 512.

Esparza alleges a serious medical condition—head trauma, a potentially fractured skull and arm, and severe spinal and back pain. Esparza alleges that he was "knocked out for some length of

4

time" after hitting his head. The court is satisfied that, to a lay person, such head trauma would require at least evaluation and possibly treatment from a physician. But it is clear from the allegations that neither Officer Delaney nor Officer Sturgen was deliberately indifferent to Esparza's injury. Esparza was immediately taken to see Nurse Blunt. The fact that Officers Delaney and Sturen walked Esparza down the hall to see the nurse instead of calling for a "signal" may have violated the policy of the facility, but it does not constitute deliberate indifference. Deliberate indifference might be shown if they simply ignored him. By escorting him to the nurse, they likely got him medical care faster than if they had waited for a Lieutenant to show up. The claims against these two defendants will therefore be dismissed.

The claim against Nurse Blunt is also questionable. The complaint alleges that she took Esparza's blood pressure, gave him two Tylenol pills, and sent him back to his housing unit. This hardly shows deliberate indifference to a simple head injury. But Esparza alleges that he sustained more serious injuries. The complaint alleges that Esparza "felt a sensation like my skull had fractured" and that his "left arm was bruised and the bone felt injured" and "may have had some fracture," and that a scar on his stomach was "torn open," and that Nurse Blunt ignored his complaints as to these injuries and the severe pain he was experiencing. ECF No. 1, ¶ 9. Liberally construed, these allegations are sufficient to state a claim against Nurse Blunt.

Esparza has also stated Eighth Amendment claims of deliberate indifference to a serious medical need against Dr. Cabarra and Grievance Coordinator Jennifer Smith in their individual capacities. Esparza alleges that he described all of his injuries to Dr. Cabarra and that, in response, Dr. Cabarra prescribed medication that he knew caused him pain and suffering and failed to investigate Esparza's other injuries. Esparza claims he continues to suffer severe pain as a result of

5

the injuries he sustained in the fall. Regarding Smith, Esparza alleges that Smith failed to investigate his grievances that complained of a lack of medical care for his serious injuries, and that Smith erected "unnecessary" procedural barriers in the grievance process. The court cannot tell at this time whether Smith's "petty requests" were in fact warranted. To the extent they were not warranted and Smith chose to ignore Esparza's grievances, Esparza has sufficiently alleged that Smith was deliberately indifferent toward his serious medical needs. *See Perez*, 792 F.3d at 781–82 ("An inmate's correspondence to a prison administrator may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation."). Therefore, Esparza may proceed on his deliberate indifference claims against Dr. Cabarra and Smith.

Esparza fails to state claims against defendants Delk and Wood. The only mention of these defendants is in the complaint's caption. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Esparza fails to allege that either Delk or Wood was personally responsible for the deprivation of a constitutional right. Although Esparza identifies Delk and Wood as nurses in the caption, he does not allege that Delk or Wood ever treated or even encountered him. As a result, Esparza fails to state claims against Delk and Wood.

Since Esparza is seeking injunctive relief, as well as damages, his official capacity claims against the defendants can also proceed. State officials sued for monetary relief in their official capacities are not "persons" liable to suit under § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The same is not true, however, with respect to state officials sued for injunctive relief. *Will*, 491 U.S. at 71, n.10 ("Of course a state official in

his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985)). Accordingly, Esparza may proceed on his official-capacity claims against the defendants to the extent that he is seeking injunctive relief.

In summary, Esparza may proceed on his Eighth Amendment claims of deliberate indifference to a serious medical need against Nurse Blunt, Dr. Cabarra, and Grievance Coordinator Smith. Esparza may not proceed on any other claims.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk is designated pursuant to Federal Rule of Civil Procedure 4(c) to issue process to defendants Jennifer Smith, Dr. Cabarra, and Nurse Lisa Blunt in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 20, 2018, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED** this _23rd_ day of October, 2018

s/ William C. Griesbach  
William C. Griesbach, Chief Judge[*]  
United States District Court

---

[*] Of the Eastern District of Wisconsin, sitting by designation.